UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

| | |
|---|---|
| ERIC DEVRIES,<br><br>      Plaintiff.<br>   v.<br><br>WELLS FARGO BANK, N.A.<br><br>      Defendant. | Case No. 1:20-cv-456<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff Eric DeVries ("DeVries") brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.; Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 et seq.; and Michigan Mortgage Brokers, Lenders and Services Licensing Act ("MBLSLA"), M.C.L. § 445.1651 et seq. due to Defendant Wells Fargo Bank, N.A. ("Wells Fargo") repeated and abusive collection-related phone calls unlawfully placed to at least two of DeVries's cellular telephone numbers which caused him actual harm.

2. The TCPA prohibits a person or its agent from using an automatic dialing system or an artificial or prerecorded voice in placing or directing any telephone call to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A). The TCPA provides a right of action and dictates a minimum award of damages in the amount of $500.00 per phone violation for non-willful violations and $1,500.00 per violation for willful or knowing violations. *Id.* § 227(b)(3).

3. The MRCPA prohibits harassing, abusive, and oppressive collection methods, including causing a telephone to ring repeatedly or continuously or at unusual times or places which are known to be inconvenient to the debtor. M.C.L. § 445.252(n). The MRCPA

1

provides a private right of action and dictates a minimum award of damages in the amount of $50.00 per violation for non-willful violations and $150.00 per violation for willful violations, plus attorney fees. *Id.* § 445.257.

4. The MBLSLA provides an independent cause of action against mortgage loan servicers for failure to conduct their business in accordance with law. M.C.L. § 445.1672. Violations of the TCPA and/or MRCPA constitutes actionable violations of the MBLSLA and entitle the prevailing plaintiff to statutory damages of $250 per violation and attorney fees. *Id.* § 445.1681.

## PARTIES AND JURISDICTION

5. DeVries is an individual residing in Grand Rapids, Michigan in Kent County. He is a "consumer" as that term is used in the MRCPA.

6. Wells Fargo is a mortgage lender with its principal place of business in Sioux Falls, South Dakota.

7. Wells Fargo acts in the State of Michigan to collect debts incurred for personal, family, or household purposes and is therefore a "regulated person" as that term is defined and used in the MRCPA. M.C.L. § 445.251(g).

8. Wells Fargo is subject to the rules and regulations of the MBLSLA as set forth in M.C.L. § 445.1651(a) of the Act.

9. This District Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

10. This District Court has supplemental jurisdiction over DeVries's state law claims under 28 U.S.C. § 1367.

11. Venue is appropriate in this District Court because the conduct complained of took place within its geographic scope.

## FACTUAL ALLEGATIONS

12. DeVries obtained a home loan from Wells Fargo in November 2002, resulting in a "debt" as that term is used in the MRCPA because it was incurred for personal and household purposes, and not for any commercial purpose.

13. Due to DeVries falling behind on payments, Wells Fargo attempted to collect on the debt by making repeated phone calls to DeVries's cellular telephone number ending in 5401 ("5401 Number").

14. Additionally, Wells Fargo began placing phone calls to DeVries's cellular telephone number ending in 1550 ("1550 Number") despite the fact DeVries never provided Wells Fargo with this number.

15. DeVries has telephone and voicemail service to the 1550 Number through his cellular provider and pays for these services on a monthly basis.

16. In January and July of 2018 and February 2019, DeVries instructed Wells Fargo via telephone to stop contacting him by telephone. Wells Fargo eventually stopped calling the 5401 Number, but kept calling the 1550 Number.

17. DeVries's consent to place automated or prerecorded calls to both the 5401 and 1550 Numbers was unambiguously revoked no later than January 2018.

18. At no time since January 2018 has DeVries provided consent to Wells Fargo to place automated or prerecorded calls to the 5401 Number, 1550 Number, or any other telephone number used by DeVries.

19. Between January 10, 2018 and February 26, 2019, Wells Fargo placed no less than 32 automated or prerecorded phone calls to the 5401 and 1550 Numbers.

20. All of these calls used a prerecorded message, robotic voice, or automatic dialer system.

21. Due to the period of time in which these calls were placed, that is, 13 months after DeVries revoked his consent, the placing of these calls were willful and knowing violations of the TCPA.

22. All of the automatic, prerecorded, and auto-dialed calls placed by Wells Fargo were for the purposes of collecting a debt.

23. Each of Wells Fargo's repeated automated calls to DeVries at the 5401 and 1550 Numbers caused him substantial annoyance and distraction and interfered with his use of his telephone equipment and phone line.

24. Each of Wells Fargo's repeated automated calls and voicemails left after the placement of calls to the 5401 and 1550 Numbers occupied and cluttered the limited space allotted to DeVries in his voicemail inbox, rendering his use of his voicemail service cumbersome, inconvenient, and otherwise time-consuming.

25. Each of Wells Fargo's automated calls to the 5401 and 1550 Numbers caused DeVries substantial annoyance, stress, distraction, inconvenience, embarrassment and wasted time.

26. Each of Wells Fargo's automated calls to the 5401 and 1550 Numbers violated the MRCPA prohibition of using a "harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring . . . repeatedly, continuously, or at unusual times or place which are known to be inconvenient to the debtor." M.C.L. § 445.252(n).

27. Wells Fargo's automated calls to the 5401 and 1550 Numbers violated the MBLSLA's requirement of conducing a mortgage business "in accordance with law, this act, or a rule or order issued under this act." M.C.L. § 445.1672(a).

## COUNTS

### COUNT 1 – VIOLATION OF THE TCPA

28. DeVries incorporates all paragraphs herein by reference.

29. Wells Fargo violated the TCPA at least 32 times by directing automated calls to DeVries's cellular telephone numbers.

30. Wells Fargo's violations were willful and/or knowing.

WHEREFORE, DeVries requests that judgment me granted in his favor specifying the following relief:

    a.  An injunction prohibiting Wells Fargo from placing automated calls and calls using prerecorded messages to DeVries's cellular telephone numbers in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.  Statutory damages pursuant to 47 § 227(b)(3)(B) and treble damages; and

    c.  Such further relief as this District Court deems just and proper.

### COUNT 2 – VIOLATION OF THE MRCPA

31. DeVries incorporates all paragraphs herein by reference.

32. Due to the frequency and persistence of Wells Fargo's collection-related automated calls to DeVries after January 2018, these calls were harassing, oppressive, and abusive and therefore violated the MRCPA.

33. Due to their frequency and the fact that Wells Fargo had been placed on notice that they did not have DeVries's consent to call, these violations of the MRCPA were willful.

WHEREFORE, DeVries requests that judgment be granted in his favor specifying the following relief:

    a. Treble actual or statutory damages pursuant to M.C.L. § 445.257;

    b. Statutory costs and attorney fees pursuant to M.C.L. § 445.257; and

    c. Such further relief as this District Court seems just and proper.

## COUNT III – VIOLATIONS OF THE MBLSLA

34. DeVries incorporates all paragraphs herein by reference.

35. Violations of the TCPA constitute violations of the MBLSLA under M.C.L. § 445.1672(a) for which a private right of action is provided under M.C.L. § 445.1681.

36. Wells Fargo violated the MBLSLA each time it placed an automated calls to DeVries's cellular telephone numbers.

WHEREFORE, DeVries requests that judgment be granted in his favor specifying the following relief:

    a. Actual and statutory damages pursuant to M.C.L. § 445.1681(c);

    b. A declaration that Wells Fargo's automated calls violated the MBLSLA;

    c. An injunction prohibiting Wells Fargo from placing automated calls and calls using prerecorded messages to DeVries's cellphone telephone numbers in violation of the MBLSLA;

    d. Costs and reasonable attorney fees pursuant M.C.L. § 1681(c); and

    e. Such further legal and equitable relief that this District Court deems just.

## TRIAL BY JURY

37. DeVries is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38.

| Date: May 22, 2020 | Respectfully submitted:<br><br>__/s/*Gabrel S. Sanchez*____<br>Gabriel S. Sanchez (P71261)<br>The Maul Law Group, PLLC<br>Attorneys for Plaintiff<br>2401 Camelot Ct., Suite M<br>Grand Rapids, MI 49546<br>Tel: (616) 202-2505<br>gsanchez@maullaw.com |
|---|---|